# No. 25-30674

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA**
***Plaintiff-Appellee***

**v.**

**CHARLES LOGWOOD,**
***Defendant-Appellant***

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

# BRIEF OF APPELLANT

**Christopher A. Aberle**
**Attorney at Law**
**P.O. Box 8583**
**Mandeville, LA 70470-8583**
**(985) 871-4084**
**caaberle@gmail.com**

***Attorney for Appellant*** **Charles Logwood**

## Certificate of Interested Persons

The undersigned counsel of record, appointed under the CJA, certifies that as this is a direct criminal appeal by a noncorporate defendant, there are no persons with a financial interest in the outcome of this case. The Appellant's name and the names of counsel involved in this case are listed below. This information is provided so that the Judges of this Court may evaluate possible recusal or disqualification:

(1) Charles Logwood, Appellant

(2) Christopher Albert Aberle, Appellate Attorney for Appellant

(3) Caroline Green, Attorney for Appellant (trial)

(4) Charles J. Kammer, III, Attorney for Appellant (trial)

(5) Robert S. Noel, II, Attorney for Appellant (sentencing)

(6) Daniel J. Vermaelen, Assistant U.S. Attorney (trial)

(7) John Aaron Crawford, Assistant U.S. Attorney (trial)

(8) Camille Ann Domingue, Assistant U.S. Attorney (appeal)

s/*Christopher A. Aberle*
Christopher A. Aberle
*Attorney for Appellant*

## Oral Argument Statement

Mr. Logwood requests oral argument. As the district court below noted, this Court "has not articulated a clear standard for reopening a suppression hearing."[1] FED. R. APP. P. 34(a)(2)(C); 5TH CIR. R. 34.2.

[1] ROA.176 (quoting *United States v. Maloid*, No. CR 15-108, 2016 WL 1175147, at *2 (M.D. La. Mar. 24, 2016)).

## Table of Contents

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Oral Argument Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument

The district court abused its discretion in refusing to reopen the hearing on the motion to suppress in light of newly obtained proffered expert evidence tending to disprove the arresting officer's already dubious testimony that Logwood did not use his turn signal. . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# Table of Authorities

***Cases***

*McRae v. United States*, 420 F.2d 1283 (D.C. Cir.1969) . . . . . . . . . . . . . . . . . . . . 12

*United States v. Allen*, 573 F.3d 42 (1st Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Blankenship*, 775 F.2d 735 (6th Cir. 1985) . . . . . . . . . . . . . . . . . . 11

*United States v. Dickerson*, 166 F.3d 667 (4th Cir. 1999),
*rev'd on other grounds*, 530 U.S. 428 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Hassan*, 83 F.3d 693, 696 (5th Cir. 1996) . . . . . . . . . . . . . . . . 5, 10

*United States v. Kithcart*, 218 F.3d 213 (3rd Cir. 2013) . . . . . . . . . . . . . . . . . . . . 11

*United States v. Maloid*, No. CR 15-108, 2016 WL 1175147
(M.D. La. Mar. 24, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

*United States v. Mercadel*, 75 F. App'x 983, 2003 WL 21766541
(5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*United States v. Quiroz-Carrasco*, 565 F.2d 1328 (5th Cir. 1978) . . . . . . . . . 5, 11

*United States v. Roch*, 5 F.3d 894 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*States v. Wilson*, 249 F.3d 366 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

***Statutes, Codes & Rules***

18 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## Statement of Jurisdiction

As this case arose from the prosecution of an alleged offense against the laws of the United States, the district court had subject-matter jurisdiction under 18 U.S.C. § 3231. The district court entered judgment on November 14, 2025, and on the same day, Logwood filed a notice of appeal.[2] Accordingly, this Court has jurisdiction over this appeal under 28 U.S.C. § 1291, and the appeal is timely under FED. R. APP. P. 4(b)(1)(A).

## Statement of the Issue

A court must reopen a suppression hearing when presented with new evidence that creates a factual dispute on a determinative fact. After the court denied Logwood's motion to suppress, he obtained a forensic analysis of surveillance video that refuted the Government's asserted basis for the stop that lead to the seizure of evidence. As Logwood was previously unaware that such analysis was possible, did the court abuse its discretion in refusing to reopen the suppression hearing?

---

[2] ROA.16-17, 298, 137.

## Statement of the Case

Based on information provided by a confidential informant, a Ouachita Parish Sheriff's Officer stopped Charles Logwood after he drove into a Lowe's parking lot in Monroe, Louisiana, ostensibly without using his turn signal. Pursuant to a consensual search, the officer found inside Logwood's vehicle about three pounds of marijuana, nine pounds of methamphetamine, and a handgun.[3] The Government thereafter obtained an indictment charging Logwood with one count of possession with intent to distribute 50 grams or more of methamphetamine, one count of possession with intent to distribute marijuana, and one count of possession of a firearm during a drug-trafficking offense.[4]

Logwood moved to suppress the evidence on the ground that the initial stop was not supported by reasonable suspicion as it was not possible for the arresting officer to have seen whether Logwood used his signal. Logwood also argued that the police elicited incriminating statements after Logwood invoked his right to counsel.[5] Following a hearing, the magistrate judge found that the stop was justified by Logwood's failure to use a turn signal but that any statements made following

---

[3] ROA.399-404, 436, 448, 505-06, 520-22.

[4] ROA.21-23. *See* 18 U.S.C. § 924(c); 21 U.S.C. § 841(a)(1).

[5] ROA.52-55, 80-85.

Logwood's request for counsel must be suppressed.[6] The district court overruled the objections made by both Logwood and the Government and adopted the magistrate judge's Report and Recommendation.[7]

Logwood thereafter obtained a forensic analysis of surveillance video taken from a helicopter (the HELO video) that was tracking Logwood's vehicle prior to his arrest. The analyst concluded in his report that the video revealed that Logwood did, in fact, signal his turn into the Lowe's parking lot and that the officer was too far away to have observed the turn signal.[8] Citing the forensic report, Logwood moved to reopen the suppression hearing so that the expert could testify, but the district court declined to do so.[9]

A jury thereafter found Logwood guilty as charged, and the court sentenced him to a total sentence of 144 months.[10]

---

[6] ROA.93-115, 321-364.

[7] ROA.129. *See* ROA.121-28.

[8] ROA.150, 163-64.

[9] ROA.147-48, 171-76.

[10] ROA.303, 306, 314-15, 319-20.

## Summary of the Argument

**The district court abused its discretion in refusing to reopen the hearing on the motion to suppress in light of newly obtained proffered expert evidence tending to disprove the arresting officer's already dubious testimony that Logwood did not use his turn signal.**

Sergeant Nugent claimed that he could see from a significant distance while traveling 100 miles an hour that Logwood failed to use his turn signal while pulling into a parking lot, the pretextual basis for conducting a stop. The Government claimed that Nugent's testimony was corroborated by surveillance video taken from a helicopter, apparently because the signal could not be discerned from the video.

After the suppression hearing, Logwood learned that the video could be examined forensically, so he promptly submitted to an expert for testing. That expert concluded that the video showed that Logwood actually did use his turn signal. The court, however, denied Logwood's motion to reopen the suppression hearing in light of this new evidence. The court ruled simply that it was not new because Logwood had access to the Government's video prior to the suppression hearing.

Given that the forensic analysis raises a genuine issue of outcome determinative fact, the court abused its discretion by not reopening the hearing or at least considering whether Logwood provided an adequate and reasonable explanation for not securing the forensic video analysis at an earlier time.

## Argument

**The district court abused its discretion in refusing to reopen the hearing on the motion to suppress in light of newly obtained proffered expert evidence tending to disprove the arresting officer's already dubious testimony that Logwood did not use his turn signal.**

### *Standard of Review*

Review of a district court's decision to refuse to reopen a suppression hearing is reviewed for abuse of discretion.[11] When confronted with new evidence, however, the court "abuses its discretion where the new evidence creates a genuine factual dispute on an outcome determinative fact."[12]

### *Background*

In Logwood's motion to suppress, he argued that the "law enforcement videos" do not support the officer's claim that Logwood failed to use a turn signal.[13] The Government countered that the officer's claim that Logwood did not signal his turn into the Lowe's parking lot was confirmed by the HELO video footage, which, the

---

[11] *United States v. Hassan*, 83 F.3d 693, 696 (5th Cir. 1996); *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1330 (5th Cir. 1978).

[12] *United States v. Mercadel*, 75 F. App'x 983, 2003 WL 21766541, *6 (5th Cir. 2003) (citing *States v. Wilson*, 249 F.3d 366 (5th Cir. 2001), *abrogated on other grounds by Whitfield v. United States*, 543 U.S. 209 (2005)).

[13] ROA.53.

Government maintained, fails to show the turn signal was activated.[14] At the hearing on the motion to suppress, Sergeant Nugent with the Ouachita Parish Sheriff's Office testified that he saw Logwood "fail to use a turn signal turning into the parking lot of Lowe's."[15] Logwood established that Nugent was parked over a mile away when he initiated pursuit of Logwood and that Logwood, unaware that he was being pursued, turned into the Lowe's parking lot while Nugent—who was traveling at 100 miles an hour and had to pass two cars along the way—was still a full 13 seconds behind Logwood.[16]

In a post-hearing memorandum, Logwood noted that Nugent was precisely 1.4 miles away when he was advised of Logwood's location and argued that Nugent's "testimony that, while passing other vehicles on a two-lane road at 100 miles per hour, with Mr. Logwood thirteen seconds ahead of him, and that he was able to see Mr. Logwood's turn signal, is ludicrous."[17] The magistrate judge rejected that argument, finding Nugent's testimony credible, and based on that finding, declined

[14] ROA.59, 63.

[15] ROA.325-26.

[16] ROA.339-41.

[17] ROA.81, 83.

to address whether Nugent may have also had a reasonable suspicion to stop Logwood based on information provided by the confidential informant.[18]

Logwood objected to the magistrate judge's findings, contending that the officer's distance from Logwood's vehicle and the extreme speed he was traveling with other cars on the road rendered his testimony incredible.[19] Over that objection and others, the district court adopted the magistrate judge's report and recommendation.[20]

Six months later and two months before the scheduled trial date, Logwood filed a motion to reopen the suppression hearing so that he could present "new evidence showing that there was no reasonable basis for believing that a traffic violation occurred."[21] Specifically, Logwood sought to introduce testimony of an expert witness, who would testify, consistent with a forensic report tendered with the motion, that the HELO video "includes a segment that indicates the vehicle of Logwood properly signaled a right-hand turn prior to entering the parking lot where he was stopped."[22] Logwood thereafter submitted a revised report that added the

[18] ROA.104-05.

[19] ROA.126.

[20] ROA.129.

[21] ROA.148.

[22] ROA.150.

conclusion that "the measurements and data show that the officer was too far behind to properly recognize the turn signal."[23]

In response to the Government's objection to the timing of the motion,[24] Logwood explained:

> Only recently did defense counsel learn that it might be technologically feasible to analyze the drone footage in Mr. Logwood's case. Upon learning this, defense counsel contracted with a forensic video analyst to review the footage with the goal of determining whether a definitive conclusion could be made about the turn signal and the officer's viewpoint. As soon as defense counsel received the expert's report, we filed our request to reopen the suppression hearing.[25]

In its order denying Logwood's motion, the district court ruled:

> Logwood has not presented any new evidence that could not have been introduced at the original hearing. The HELO video was already disclosed to Logwood during discovery and before the suppression hearing. The mere fact that defense counsel has discovered an alternative method to present the evidence does not reclassify the video's status as new evidence. Additionally, there is no dispute that the video was shown during the hearing, and all parties had the opportunity to cross-examine Nugent. With trial approaching, the Court, exercising its discretion, finds that justice is best served by denying Logwood's motion to reconsider, as no new evidence has been obtained.[26]

---

[23] ROA.164-65.

[24] ROA.157-60.

[25] ROA.171-72.

[26] ROA.176.

### *Analysis*

If Logwood had, in fact, used his turn signal, then Nugent's asserted pretext for the stop would fail and reasonable suspicion justifying the stop could then rest solely on the CI's information. But as Logwood argued below, that information is problematic for several reasons. First, the CI's alleged drug-related discussions with Logwood were neither recorded nor witnessed by law enforcement. Second, from the time the CI had advised law enforcement in a recorded conversation that Logwood did *not* have any drugs on him up until the time of the stop, law enforcement had Logwood under constant surveillance and saw no opportunity for Logwood to have retrieved any drugs and put them in his car. Third, the CI had an extensive criminal record, including pending criminal matters, which motivated him to cooperate in order to secure favorable treatment. Finally, the CI had no proven track record as an informant.[27]

Perhaps for these reasons, the magistrate judge elected not to "delve" into a discussion of reasonable suspicion based on the CI's information, relying instead on "the traffic violation alone."[28] The district court judge likewise did not rely on the CI's information as a basis for denying the motion to reopen, concluding only that the

---

[27] ROA.352-58 *See* ROA.529-30, 556-62.

[28] ROA.104-05.

proffered evidence was not new.[29] In other words, because the alleged failure to use a turn signal is the sole ground found to support the stop, forensic evidence establishing that Logwood did, in fact, signal his turn into the Lowe's parking lot surely raises a genuine factual dispute on an outcome determinative fact.

The district court, however, held that the evidence was not new because Logwood had access to the video prior to the hearing. The court reasoned that the "mere fact that defense counsel has discovered an alternative method to present the evidence does not reclassify the video's status as new evidence."

While it is true that Logwood had access to the video, it is important to note that the video was never Logwood's to *present*. The burden of proof for justifying a warrantless stop rests with the Government, and the video in question is the Government's evidence.[30] Thus, it might be a different matter if the Government were seeking to reopen with evidence that bolstered its own case.[31] Furthermore, the expert forensic analysis of the HELO video cannot be fairly characterized as an

---

[29] *Compare Mercadel*, 2003 WL 21766541 at *5 (affirming ruling refusing government's request to reopen suppression hearing in part because additional evidence "would not likely change the Court's findings").

[30] *See United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993).

[31] *See Hassan*, 83 F.3d at 696 (finding no abuse of discretion in refusing government's request to reopen with new argument where government "had ample time to prepare for the previous hearing").

"alternative method to present the evidence." Rather, it *is* itself evidence, and that evidence was new in the sense that it did not exist at the time of the hearing.[32]

Ultimately, the district court's ruling stands on the implied finding that counsel's claim that she had only recently learned of the technological feasibility of analyzing the Government's aerial footage is per se insufficient to justify reopening the suppression hearing. While there is little guidance from this Court on what constitutes a sufficient reason for a defendant to have failed to obtain evidence it conceivably could have obtained sooner, there is some authority for the proposition that all that is required is that "the evidence raises a factual issue" critical to the district court's original ruling on the motion to suppress.[33] At a minimum, the defendant should be allowed, as other circuits hold, to demonstrate an adequate and reasonable explanation for not presenting the evidence sooner.[34]

---

[32] *Compare Quiroz-Carrasco*, 565 F.2d at 1330 (holding that because witness was "present and available" at suppression hearing, the court did not abuse its discretion in refusing to reopen suppression hearing in light witness's subsequent trial testimony in which he claimed he was coerced at gunpoint to open trunk of his car where evidence incriminating defendant was found).

[33] *See Wilson*, 249 F.3d at 372 (holding that the district court abused its discretion in denying a defendant's request for a hearing on his motion to reconsider the denial of his motion to dismiss the prosecution, where the defendant presented evidence that raised a factual issue regarding the correctness of the district court's original order denying the motion to dismiss, notwithstanding that the evidence was available but omitted from the defendant's original motion to dismiss).

[34] *United States v. Kithcart*, 218 F.3d 213, 220 (3rd Cir. 2013) ("In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both reasonable, and adequate to explain why the government initially failed to introduce evidence that may have been essential to meeting its burden of proof."); *United States v. Blankenship*, 775 F.2d 735, 741 (6th

## Conclusion

This Court should vacate the ruling denying the motion to suppress and remand for a new hearing at which Logwood will have the opportunity to present testimony and evidence related to the forensic video analysis. Alternatively, the Court should remand with instructions to the district court to determine whether Logwood has provided an adequate and reasonable explanation for not having secured the forensic analysis sooner.

Respectfully submitted,

/s/ *Christopher Albert Aberle*
Christopher Albert Aberle
Attorney at Law
PO Box 8583
Mandeville, LA 70470-8583
(985) 871-4084
caaberle@gmail.com

*Attorney for Appellant*, Charles Logwood

---

Cir. 1985) ("[t]he party moving to reopen should provide a reasonable explanation for failure to present the evidence [initially]."); *United States v. Dickerson*, 166 F.3d 667, 679 (4th Cir. 1999) ("when the evidence forming the basis for a party's motion for reconsideration was in the movant's possession at the time of the initial hearing . . . the movant must provide a legitimate reason for failing to introduce that evidence prior to the district court's ruling on the motion to suppress"), *rev'd on other grounds*, 530 U.S. 428 (2000); *McRae v. United States*, 420 F.2d 1283, 1289 (D.C. Cir.1969) (suggesting that Government may have been entitled to reopening of suppression hearing if it had offered "some good reason" for failing to call officer who was present at defendant's arrest); *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (affirming denial of request for suppression motion hearing where defendant "provided no explanation" for failing to include readily available factual information with his motion to suppress).

## Certificate of Service

I certify that a copy of this brief was electronically filed this March 20, 2026, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

I further certify that (1) required privacy redactions have been made, 5TH CIR. R. 25.2.13; (2) the electronic submission is an exact copy of the paper Document, 5TH CIR. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ *Christopher Albert Aberle*
Christopher Albert Aberle